# In the United States Court of Federal Claims

No. 22-1729
(Filed: 28 June 2023)
NOT FOR PUBLICATION

```
*************************************
PAUL GRABER,                          *
                                      *
                 Plaintiff,           *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                 Defendant.           *
                                      *
*************************************
```

## ORDER

**HOLTE, Judge.**

      On 17 November 2022, *pro se* plaintiff Paul Graber filed a complaint.  *See* Compl., ECF No. 1.  Plaintiff's complaint asks the Court to award him $104,323,700 in damages for county officials, city officials, and one private individual "steal[ing] [his] land," detaining him and members of his family, and towing their cars.  *Id.* at 2–6.  Plaintiff also alleges county and city officials tried to "force a fake-contract(s) so they can access the [trusts] and put [money] in their own private accounts."  *Id.* at 6.  Lastly, plaintiff argues "Agents of the State" committed copyright infringement against plaintiff's works.  *Id.* at 14, 17 (cleaned up).

      The Court, *sua sponte*, issued a show cause order requiring plaintiff to file a brief showing cause as to why the Court should not dismiss his case for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").  *See* 28 Nov. 2022 Order at 1, ECF No. 5.  Plaintiff's response was due 2 January 2023.  *Id.*  The Court noted its jurisdiction "does not extend to claims against state or local officials or private individuals" and does not include violations of criminal statutes.  *Id.*

      On 30 November 2022, the Court received a document from plaintiff.  *See* 6 Dec. 2022 Order at 1, ECF No. 6.  After careful review, the Court construed the document as an amended complaint.  *Id.*  The amended complaint also appeared substantively similar to the original complaint, causing the Court to renew its RCFC 12(h)(3) concerns.  *Id.* (observing the only difference between the two complaints was plaintiff substituting his son's name for his own on the first page); *see* Am. Compl., ECF No. 7.  On 6 December 2022, the Court issued a second show cause order requiring plaintiff to:  (1) "identify which source or sources of money-mandating law he is invoking"; (2) "identify how his claims are against the United States"; and (3) "explain why the Court has jurisdiction over this case."  6 Dec. 2022 Order at

1–2.  The Court's second Show Cause Order extended plaintiff's filing deadline to 10 January 2023.  *Id.* at 1.  Plaintiff failed to respond to the Court's second Show Cause Order.

When a party fails to respond to any motion, or to subsequent court orders, dismissal is not only appropriate but also required to properly administer justice.  "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards th[is] court's rules . . . ."  *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).  Furthermore, RCFC 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."  As *pro se* plaintiffs are, by their nature, unassisted, this court may sometimes grant *pro se* plaintiffs greater lenience throughout the filing process.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complainants are held to "less stringent standards than formal pleadings drafted by lawyers").

In keeping with this permissive leniency, the Court granted plaintiff two opportunities to show cause as to why the Court has subject-matter jurisdiction over his claim.  *See* 28 Nov. 2022 Order; 6 Dec. 2022 Order.  The first opportunity came when the Court issued its first Show Cause Order on 28 November 2022.  *See* 28 Nov. 2022 Order.  As a result, plaintiff had until 2 January 2023 to show cause.  *Id.* at 1.  When plaintiff failed to address the Court's lack of jurisdiction concerns in his Amended Complaint, *see* Am Compl., the Court gave plaintiff another opportunity to show cause on 6 December 2022, *see* 6 Dec. 2022 Order.  The Court's second Show Cause Order extended plaintiff's filing deadline to 10 January 2023.  *See id.* at 1.

Plaintiff received a further reminder of the Court's second Show Cause Order when the government filed a motion for enlargement of time to answer the Amended Complaint on 11 January 2023, mentioning the "impending deadline" of plaintiff's show cause brief.  Gov't's Mot. Enlargement Time at 1, ECF No. 11.  Plaintiff also received a reminder when the Court granted the government's Motion for Enlargement of Time, again mentioning the second Show Cause Order.  18 Jan. 2023 Order, ECF No. 12.  The Court has yet to receive any proper filing from plaintiff, let alone one showing cause as to why the Court has subject-matter jurisdiction over plaintiff's claim.[1]  *Id.*  The Court therefore must dismiss the case pursuant to RCFC 41(b) for failure to prosecute and failure to comply with a court order.  *See Kadin Corp.*, 782 F.2d at 176 (holding dismissal pursuant to RCFC 41(b) was justified when a *pro se* litigant ignored court-imposed deadlines).

The Court further notes plaintiff's claims appear to be squarely outside the jurisdiction of this court.  In his amended complaint, plaintiff alleges the "United States Agents of Marshall County" attempted to steal plaintiff's land, kidnap plaintiff and members of his family, extort plaintiff, and steal several items of personal property.  *See* Am. Compl. at 2–6 (cleaned up).  In addition, plaintiff argues the "United States Agents of Marshall County" "are trying to force a

---

[1] On 27 December 2022, the Clerk's Office received a mail submission from plaintiff consisting of copies of ECF numbers two through six:  every document the Court had sent plaintiff, including both Show Cause Orders.  *See* Deficiency Mem., ECF No. 9-1.  Plaintiff included no new documents in his submission.  *Id.*  The Court rejected the submission because it did not include the case number, the judge's name, or any motion or request from the Court.  *See id.*; 6 Jan. 2023 Order, ECF No. 9; RCFC 5.5(g), 10(a).

fake-contract(s) so they can access the trusts and put [money] in their own private accounts." *Id.* at 6 (cleaned up).  Plaintiff also asserts a copyright infringement claim against the same "Agents of the State" and does not name a federal party.  *See id.* at 14, 17 (cleaned up).  Despite alleging his claims are against the "United States Agents of Marshall County[,]" plaintiff asserts all of his claims against county or city—rather than federal—officials and one private individual.  *See id.* at 2–4.  Plaintiff does not state a claim against the federal government in his amended complaint.  *See id.* at 2–6.  The Court's jurisdiction does not extend to county officials, city officials, or private individuals, regardless of the claim.  *See* 28 U.S.C. §§ 1491(a)(1), 1498(b); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of th[is] court.").  The Court also lacks jurisdiction over all criminal allegations made by plaintiff.  *See Joshua v. United States*, 17 F.3d 378 (Fed. Cir. 1994) (summarily affirming this court's finding of having "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").  Although the Court dismisses for failure to prosecute and failure to comply with a court order, dismissal would also be required because the Court has no jurisdiction over plaintiff's claims.  *See* RCFC 12(h)(3).

Plaintiff has not properly submitted or filed documents of any sort with the Court since the filing of his second Amended Complaint on 6 December 2022.  For the foregoing reasons, the Court directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge